IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| RONALD SUTTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SGT. MCKEE, et. al., )<br>)<br>Defendants. ) | 7:05-cv-1373-LSC-TMP |

### MEMORANDUM OF OPINION

Plaintiff, Ronald Sutton, filed a complaint in the above-styled action, in which he demands monetary damages from defendants McKee, Freeman and Price because defendant McKee confiscated some of his personal property. (Doc. 1). The magistrate judge filed a report and recommendation on August 4, 2005, recommending that the complaint filed pursuant to 42 U.S.C. § 1983 be DISMISSED for FAILURE TO EXHAUST ALL POST-DEPRIVATION remedies. (Doc. 6). On August 18, 2005, the plaintiff filed objections to the report and recommendation (doc. 7) and a motion to alter or amend the judgment (doc. 8), which this court shall additionally construe as an amended complaint. On December 7, 2005, plaintiff filed a motion to amend his complaint. (Doc. 10).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, plaintiff's complaint (doc. 1) is due to be dismissed for FAILURE TO EXHAUST ALL POST-DEPRIVATION remedies.

Moreover, plaintiff's motion to alter or amend the judgment (doc. 8) is due to be DENIED for several reasons.  First, until this Memorandum of Opinion and accompanying Dismissal Order are entered, there has been no final judgment in this action.  Second, to the extent said motion can be construed as a ripened motion to alter or amend the judgment, same is without merit.  Finally, as stated earlier, the motion is actually an attempt to file an amended complaint, and therefore shall be construed as such.  Plaintiff is correct that FED. R. CIV. P. 15(a) allows him to amend his complaint one time as a matter of course before a responsive pleading is filed.  (Doc. 8, at 1).  However, the proposed defendants and claims in the proposed amended complaint bear no relation whatsoever to the original complaint.  Moreover, said claims fail to state a claim upon which relief may be granted.  In his amended complaint, plaintiff proposes that

> The defendants. . . policies and procedures are unconstitutional.  They are den[y]ing me access to court.  They do not have a person trained in law hired in A.D.O.C.  They do not supply you with enough paper, pens, or enough time to work on your case against the State.  This policy and practice has been going here since I been here. (sic).  Prison officials try to see legal work to admit you in the library.  I do not go by that policy, legal work is conf[i]dential.  That policy is unconstitutional. . . .  I'm suing each defendant in their individual capacity.  Sgt McKee, Capt. Freddie Freeman . . . [and] Warden Cheryl Price.

(Doc. 8, at 2).

The foregoing allegations are vague, general and conclusory.  Vague, general or conclusory allegations are insufficient to merit relief under § 1983.  *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  While it is apparent plaintiff is attempting to allege that prison policies are denying him access to court, he has failed to provide any factual allegations showing he has standing to make such a claim or that the policies, as minimally described, present a Fourteenth Amendment

2

claim.  In *Lewis v. Casey[1],* the Supreme Court set forth the following principles:  (1) there is no free-standing right to a law library or legal assistance, only a right to access to court;  (2) the scope of this 'access to court' is not intended for all types of lawsuits: it is only to provide tools for grappling with attacks on sentences, directly or collaterally, and to challenge conditions of confinement [2];  (3) "actual injury" is a fundamental constitutional prerequisite [3]; and (4) assuming the plaintiff does have standing, a prison regulation impinging on inmates' constitutional rights "is valid if it is reasonably related to legitimate penological objectives. [4]"  Plaintiff's proposed amended complaint fails to meet any of these requirements.  Accordingly, plaintiff's amended complaint (doc. 8) is due to be DISMISSED for FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED pursuant to 28 U.S.C. § 1915A.

Plaintiff's motion to amend his complaint (doc. 10) is due to be DENIED.  In it, plaintiff names Warden Cheryl Price, Teresa Domec, Katrina Rawlinson, DeWayne Estes, Sgt. Hutton, Captain Freeman, Captain Toney and Lt Finch as defendants.  Plaintiff complains defendant Hutton, who has control over the law library, refuses to provide him enough paper, pens, folders, carbon paper to litigate his lawsuits.  *Id*. at 2.  Further, the remaining defendants do not purchase enough supplies for the inmate population, and instead use the money for the prison canteen.  *Id.* at 2-3.  Next, plaintiff complains defendant Hutton is not adequately trained to assist inmates.  *Id.* at 3.  Plaintiff also declares that defendants Price, Rawlinson and Domec do not provide him with enough

---

[1]  518 U.S. 343, 350 (1996); 430 U.S. 817 (1977).

[2]  *Id.* at 355.

[3]  *Id.* at 349.

[4]  *Id.* at 362 (citing *Turner v. Safley*, 482 U.S. 78 (1987).

postage, and asserts this behavior denies him not only access to court but also violates prison regulations. *Id.* at 4. Finally, plaintiff alleges Officer Olando Walker (who is not named as defendant) has retaliated against him by filing false disciplinary charges due to plaintiff having filed a civil rights complaint against him.

Rule 15(a) of the Fed.R.Civ.P. allows plaintiff to file only one (1) amended complaint without leave of court. Thus, it is within this court's discretion to grant or deny plaintiff's motion to amend his complaint. (Doc. 10). While leave to file an amendment should be freely granted, the court is under no obligation to do so in the face of futility. Plaintiff's motion to amend his complaint (doc. 10) is due to be DENIED for the same reasons stated in connection with his first amended complaint. Plaintiff has completely failed to provide any factual allegations showing he has standing to complain or is being constitutionally deprived of supplies and postage, or access to legal materials through the prison library.[5] Finally, plaintiff's claims against Officer Walker are also vague, general

---

[5] Moreover, a review of court records shows that, in addition to the above-styled cause, plaintiff filed two (2) other civil suits and one (1) habeas corpus action in this district between July and November, 2005. *See Sutton v. Price et al*, 7:05-cv-01888-RDP-TMP; *Sutton v. Price* 7:05-cv-02310-JHH-TMP; *Sutton v. Strapmen et al* 7:05-cv-02026-RDP-TMP. Collectively, he has filed numerous, lengthy documents in these lawsuits. Such uncontroverted evidence completely belies the notion that plaintiff is being denied access to legal supplies, a law library, or postage.

The Court also takes this opportunity to note that the complaint in *Sutton v. Price et al*, (doc. 1 to 7:05-cv-01888-RDP-TMP) should have been docketed as amended complaint in this action. Regardless, in 05-1888, plaintiff complains about unconstitutional conditions of confinement in addition to grievances about the law library, the former being completely unrelated to his original and amended complaint in the case *sub judice*. Plaintiff has never sought to have the complaint in 05-1888 filed in or consolidated with the case *sub judice*, and he willingly completed the *in forma pauperis* process and agreed to pay the filing fee in 05-1888. Further, plaintiff has filed no less than four (4) motions to amend the complaint in 05-1888. Thus, he has certainly abandoned any attempt to litigate any additional claims in this case, is not entitled to do so, nor would it be a proper exercise of judicial resources to allow duplicate litigation of those same claims in this case.

and conclusory.  Walker is not even named as a defendant, and he provides no more than a bare assertion that Walker retaliated against him.  Vague, general or conclusory allegations are insufficient to merit relief under § 1983.  *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).

An appropriate order will be entered.

Done this 16th day of February 2006.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124153